SHIVERS, Senior Judge.
Kenneth Wright has appealed from an order of the trial court denying his motion to correct an illegal sentence pursuant to Fla. R.Crim.P. 3.800(a). We affirm.
In December 1973, Wright was charged by grand jury indictment with robbery, contrary to section 813.011, Florida Statutes (1973).[1] He was convicted, and sentenced to life imprisonment on November 27, 1974. He alleged in the instant motion that the sentence was illegal in that the indictment did not specify that he carried a firearm or other weapon in committing the robbery. Thus, the offense was only a second-degree felony, with a maximum statutory term of 15 years. The trial court denied the motion, pointing out that the statute under which Wright was convicted did not establish degrees of robbery based on the use of a weapon, but simply allowed a life term for the offense as defined.
Effective July 1, 1975, the Legislature established degrees of robbery, based on the use of a firearm or other weapon. Chapter 74-383, Laws of Florida, § 38. However, no such degrees were established by section 813.011, Florida Statutes (1973), the statute in effect at the time Wright committed his offense on December 2, 1973. Thus, regardless of whether Wright carried a firearm or other weapon in the commission of the robbery, he was nevertheless eligible for a life sentence, once convicted under the foregoing statute. The motion herein was correctly denied, and we affirm.
KAHN and BENTON, JJ„ concur.

. Whoever, by force, violence or assault or putting in fear feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life, or for any lesser term of years, at the discretion of the court (emphasis supplied).